# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
## Nashville Division

| | |
|---|---|
| PHILLIP LAWSON, *et al.*, | ) |
| | ) |
| *Plaintiffs*, | ) |
| | ) |
| v. | ) Case No. 3:24-cv-00538 |
| | ) |
| TRE HARGETT, *et al.*, | ) Chief Judge William L. Campbell, Jr. |
| | ) Magistrate Judge Alistair Newbern |
| *Defendants*. | ) |

## REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

Section 115(b) makes voting a crime unless a voter is a "bona fide member of and affiliated with" the relevant political party or "declares allegiance" to it. Section 115(c) makes polling places post threats of prosecution for violating Section 115(b). There is no way for voters to confirm their "bona fide[s]," nor if they have "declare[d] allegiance" sufficiently to avoid liability. Section 115 gives untenable discretion to prosecute voters and deters an alarming range of protected conduct. It is void for vagueness under the Due Process Clause and overbroad under the First Amendment.[1]

Beneath their scattershot procedural arguments, Defendants do not meaningfully defend the statute. On due process, they contend the statute's terms are clear because dictionaries define them. But those definitions are far too nebulous to fairly prescribe criminal behavior. The record shows no one—not even Defendants—knows what it means to be a "bona fide" member of, "affiliate[d]" with, or "allegian[t]" to a political party. On the First Amendment claim, Defendants do not dispute the statute's potential to punish and chill a wide array of protected conduct, instead drawing from other doctrines to muddle the issues and deflect constitutional scrutiny altogether.

Defendants offer even less on the remaining injunction factors. They do not dispute that "[a] restriction on the fundamental right to vote . . . constitutes irreparable injury." *Obama for Am. v. Husted*, 697 F.3d 423, 436 (6th Cir. 2012). And the only interest they cite against an injunction is a generic goal to enforce the law, but the State has no "interest in the enforcement of unconstitutional laws." *FemHealth USA, Inc. v. City of Mount Juliet*, 458 F. Supp. 3d 777, 805 (M.D. Tenn. 2020); *see also Wineries of the Old Mission Peninsula Ass'n v. Township of Peninsula*, No. 22-1534, 2022 WL 22236853, at *3 (6th Cir. Aug. 23, 2022) (no irreparable injury if unconstitutional law is enjoined (citation omitted)). A preliminary injunction is warranted.

---

[1] The State and Federal Primary is set for August 1, 2024, and early voting begins on July 12, 2024. Tennessee Secretary of State, *Elections Calendar*, https://sos.tn.gov/elections/calendar.

# ARGUMENT

## I. The Opposition Confirms that Plaintiffs Are Likely to Succeed on the Merits.

### A. Plaintiffs Are Likely To Establish That Section 115 Is Void for Vagueness.

A law is void when it is "so standardless that it invites arbitrary enforcement" from authorities who lack direction. *Johnson v. United States*, 576 U.S. 591, 595 (2015); *see also Kolender v. Lawson*, 461 U.S. 352, 357 (1983). Defendants do not dispute that Section 115(b) is so standardless that it could be deployed arbitrarily in politically motivated prosecutions, nor that the statute fails to provide guardrails to cabin such capriciousness. PI Br. 23-24. Instead, they insist Plaintiffs cannot plead a facial vagueness challenge *at all*, Opp. 12, despite this Circuit's recognition that "courts may engage in a facial analysis where the enactment imposes criminal sanctions," as Section 115 does. *Belle Maer Harbor v. Charter Twp. Of Harrison*, 170 F.3d 553, 557 (6th Cir. 1999). They also suggest a facial challenge requires a law to be vague in all applications, Opp. 14, but the "degree of vagueness that the Constitution tolerates . . . depends on the nature of the enactment." *Village of Hoffman Ests. v. Flipside*, 455 U.S. 489, 498 (1982). When criminal penalties loom, "a relatively strict test is warranted." *Springfield Armory, Inc. v. City of Columbus*, 29 F.3d 250, 252 (6th Cir. 1994); *Kolender*, 461 U.S. at 358-60 (statute facially invalid despite conceivably lawful applications). Section 115 is vague even if it has possibly lawful uses.

With respect to the statute itself, Defendants contend Section 115 is not vague because its key terms are used in dictionaries. Opp. 12-13. But that is true of all laws, and does not fix the vagueness problem. *See Kolender*, 461 U.S. at 359 (holding "credible and reliable" impermissibly vague). Moreover, the dictionary definitions here foster confusion, not clarity. Defendants argue, for instance, that "bona fide" means "sincere" and "genuine." Opp. 12. But the critical question—what makes someone a "sincere" and "genuine" *member of a political party*?—is left unanswered.

2

Case 3:24-cv-00538 Document 54 Filed 06/17/24 Page 3 of 9 PageID #: 482

Defendants do not point to *any* other definitive guidance on these terms that an average voter could consult to know their vote would be lawful.[2]

With no way for voters to ensure their bona fides, Defendants say voters can simply declare allegiance to a political party. Opp. 24. Setting aside that "allegiance" is also vague, this only exacerbates the constitutional infirmity. Defendants fail to explain *where*, *how*, and *to whom* a voter can make such a declaration. And declaring "allegiance" to get a ballot is not a meaningless passphrase; the government cannot require a pledge of "allegiance" as a prerequisite to exercise constitutional rights. *See W. Va. Bd. of Ed.* v. *Barnette*, 319 U.S. 624, 642 (1943) (requiring pledge of allegiance at school violates First Amendment; "no official . . . can prescribe what shall be orthodox[3] in politics . . . or force citizens to confess by word or act their faith therein").

Defendants fall back on the statute's mens rea requirement to try to save it, but a "scienter requirement cannot eliminate vagueness . . . if it is satisfied by an 'intent' to do something that is in itself ambiguous." *Nova Records, Inc.* v. *Sendak*, 706 F.2d 782, 789 (7th Cir. 1983); *see Smith v. Goguen*, 415 U.S. 566, 580 (1974) (law making it a crime to "treat[] [the U.S. flag] contemptuously" was void for vagueness despite being limited to *intentional* contempt). Regardless, a voter would be unable to show a lack of criminal intent until *trial*, leaving little to prevent harassing investigations, indictments, and prosecutions by officials who dispute a voter's state of mind. That is not a regime the Constitution condones. *J.L. Spoons, Inc. v. Dragani*, 538

---

[2] Defendants dispute that Section 115(c) mandates incorrect notice by requiring signs that misstate Section 115(b) as requiring *either* bona fide membership *or* affiliation with the party, rather than both of those things. Opp. 13 n.6. But a disjunctive standard is quite different from a conjunctive one, particularly where the sign's disjunctive construction is more lenient than the broad liability under Section 115(b). *See United States v. Palomar-Santiago*, 593 U.S. 321, 326 (2021) (reversing the lower court for failing to give effect to a statute's use of "the conjunctive 'and'"); *Loughrin v. United States*, 573 U.S. 351, 357 (2014) (rejecting argument that would "disregard what 'or' customarily means"). False notice cannot be fair notice. PI Br. 22.

[3] Notably, "orthodox" (*right opinion*) and "bona fide" (*good faith*) are roughly synonymous.

F.3d 379, 380 (6th Cir. 2008) (individuals cannot be forced to choose between exercising rights and "risk[ing] case-by-case litigation of their rights, putting them at substantial risk.").

### B. Plaintiffs Are Likely to Establish a First Amendment Violation.

Defendants say Plaintiffs cannot plead a First Amendment overbreadth claim because "voting-rights claims" are subject to the *Anderson-Burdick* framework. Opp. 10. But the fact that a case involves voting does not automatically subject it to *Anderson-Burdick*. *See Lichtenstein v. Hargett*, 83 F.4th 575, 590-92 (6th Cir. 2023) (*Anderson-Burdick* applies to ballot-access claims, political-party associational claims, and voting-rights claims under the Fourteenth Amendment's Due Process Clause or Equal Protection Clauses). Plaintiffs' claim falls outside *Anderson-Burdick*.

Defendants' argument that Plaintiffs offer only speculation in demonstrating why the statute chills political expression generally is not only false, it conflates the *reasons* why Section 115 is invalid with the *harms* that entitle Plaintiffs to challenge it. Opp. 11; *see Fieger v. Mich. Sup. Ct.*, 553 F.3d 955, 962 (6th Cir. 2009). Defendants cannot critique Plaintiffs' *reasons* why the law chills political expression and is overbroad against the *harms* required to establish standing, which Plaintiffs have independently established. And the only record evidence is that Section 115 will deter protected voting conduct and chill political expression generally.

### C. Plaintiffs Have Properly Pleaded Their Claims and Established Standing.

Defendants argue Plaintiffs will not succeed on the merits because their claims are not directed against the right individuals. Opp. 14-21. Because those pleading challenges are fully addressed in Plaintiffs' forthcoming response to Defendants' motion to dismiss, Plaintiffs will not belabor the point here. Suffice to say that Defendants share authority to investigate and prosecute voters, as well as to oversee posting of the signs. That gives Plaintiffs the requisite injury, causation, and redressability under Article III to challenge the law. That others may have similar

powers does not defeat standing. *See N.A.A.C.P. v. Hargett*, 441 F. Supp. 3d 609, 624-27 (M.D. Tenn. 2019).

### D. The "*Purcell* Principle" Does Not Foreclose Preliminary Relief.

Defendants assert courts have declined to interfere in the leadup to elections. Opp. 5. But unlike Defendants' cited cases, a preliminary injunction would not require the State to *do* anything here; instead, it asks only to preserve the status quo by *not* posting a sign and *not* prosecuting voters under Section 115. Defendants have not shown an injunction would require them, or anyone, to scramble to revamp election procedures. *See Crookston v. Johnson*, 841 F.3d 396, 399 (noting poll workers were already instructed to enforce enjoined law and the state had distributed a "how to" manual for poll workers citing the law); *Williams v. Rhodes*, 393 U.S. 23, 35 (1968) (noting "it would be extremely difficult, if not impossible, for Ohio to provide still another set of ballots").

## II. The Remaining Preliminary Injunction Factors Favor Plaintiffs.

Defendants do not meaningfully dispute Plaintiffs will be irreparably harmed if Section 115 remains on the books. The individual Plaintiffs, like many Tennesseans, cannot vote without potentially exposing themselves to criminal prosecution; Plaintiff LWVTN cannot perform its essential function of educating voters about applicable requirements. Furthermore, the only interest Defendants assert is a general interest in the enforcement of laws. But "neither [Defendants] nor the public have an interest in the enforcement of *unconstitutional* laws." *FemHealth USA*, 458 F. Supp. 3d at 805 (emphasis added). Rather, "[t]he public interest is promoted by the robust enforcement of constitutional rights." *Id.* That is particularly true for the right to vote—the right "preservative of other basic civil and political rights," *Reynolds v. Sims*, 377 U.S. 533, 562 (1964).

## CONCLUSION

For all these reasons, Plaintiffs' Motion for Preliminary Injunction should be granted.

Dated: June 17, 2024

Respectfully submitted:

/s/ *R. Culver Schmid*
R. Culver Schmid, BPR No. 011128
Baker, Donelson, Bearman, Caldwell
& Berkowitz, PC
265 Brookview Centre Way, Suite 600
Knoxville, TN 37919
Tel.: (865) 971-5103
cschmid@bakerdonelson.com

Gary Shockley, BPR No. 010104
Baker, Donelson, Bearman, Caldwell
& Berkowitz, PC
1600 West End Avenue, Suite 2000
Nashville, TN 37203
Tel.: (615) 726-5600
gshockley@bakerdonelson.com

Eric G. Osborne, BPR No. 029719
Christopher C. Sabis, BPR No. 030032
William L. Harbison, BPR No. 007012
Frances W. Perkins, BPR No. 040534
Micah N. Bradley, BPR No. 038402
Sherrard Roe Voigt & Harbison, PLC
1600 West End Avenue, Suite 1750
Nashville, TN 37203
Tel.: (615) 742-4200
eosborne@srvhlaw.com
csabis@srvhlaw.com
bharbison@srvhlaw.com
fperkins@srvhlaw.com
mbradley@srvhlaw.com

*Counsel for Plaintiffs Victor Ashe, Phil Lawson, Gabe Hart & James R. Palmer*

John E. Haubenreich, BPR No. 029202
The Protect Democracy Project
2020 Pennsylvania Avenue NW, #163
Washington, DC 20006
Tel.: (202) 579-4582
john.haubenreich@protectdemocracy.org

Orion Danjuma (admitted *pro hac vice*)
The Protect Democracy Project
82 Nassau St. #601
New York, NY 10038
Tel.: (202) 579-4582
orion.danjuma@protectdemocracy.org

Collin P. Wedel (admitted *pro hac vice*)
Arsham Ali Askari (admitted *pro hac vice*)
Christine Karaoglanian (admitted *pro hac vice*)
Sidley Austin LLP
350 South Grand Avenue
Los Angeles, CA 90071
Tel.: (213) 896-6000
cwedel@sidley.com
aaliaskari@sidley.com
ckaraoglanian@sidley.com

Rebecca B. Shafer (admitted *pro hac vice*)
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
Tel.: (312) 853-7000
rshafer@sidley.com

Jillian Sheridan Stonecipher (admitted *pro hac vice*)
Sidley Austin LLP
1501 K Street NW
Washington, D.C. 20005
Tel.: (202) 736-8000
jstonecipher@sidley.com

*Counsel for Plaintiff League of Women Voters of Tennessee*

7

## CERTIFICATE OF SERVICE

      I hereby certify that on June 17, 2024 a true and exact copy of this Reply in Support of Motion for Preliminary Injunction is being served via the Court's CM/ECF system upon the following:

Dawn Jordan
Special Counsel
Office of Tennessee Attorney General
P.O. Box 20207
Nashville, Tennessee 37202
Dawn.Jordan@ag.tn.gov

Zachary L. Barker
Assistant Attorney General
Public Interest Division
P.O. Box 20207
Nashville, Tennessee 37202
Zachary.Barker@ag.tn.gov

                                                                                                 */s/ Eric G. Osborne*
                                                                                                  Eric G. Osborne