# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# Nashville Division

| | |
|---|---|
| PHILLIP LAWSON, *et al.*, | ) |
| *Plaintiffs*, | ) |
| v. | ) Case No. 3:24-cv-00538 |
| TRE HARGETT, *et al.*, | ) Chief Judge William L. Campbell, Jr. |
| | ) Magistrate Judge Alistair Newbern |
| *Defendants*. | ) |

## INITIAL CASE MANAGEMENT ORDER

A: JURISDICTION: The court has jurisdiction pursuant to 28 U.S.C. § 1331. Defendants have moved to dismiss on the basis that Plaintiffs lack standing and Defendants are entitled to sovereign immunity. That issue is briefed and before the Court for decision.

B: BRIEF THEORIES OF THE PARTIES:

For Plaintiffs: Plaintiffs contend that Tenn. Code Ann. § 2-7-115 is unconstitutionally void for vagueness under the Fourteenth Amendment and violates the First Amendment overbreadth doctrine.

For Defendants: Defendants maintain that none of the Plaintiffs have standing. Defendants have sovereign immunity. Because enjoining Defendants from enforcing the laws at issue would not provide any relief, an injunction is not proper. The statutes at issue are constitutional and do not violate the void for vagueness principle or the overbreadth doctrine. Plaintiffs are not able to raise a facial challenge.

C: ISSUES RESOLVED: None

D: ISSUES STILL IN DISPUTE: The parties are currently awaiting the Court's ruling on Plaintiff's Motion for a Preliminary Injunction and on Defendants' Motion to Dismiss. All other issues in the case remain in dispute.

E: INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before August 9, 2024.

F: CASE RESOLUTION PLAN AND JOINT STATUS REPORTS: The parties are encouraged to consider the Alternative Dispute Resolution options provided in Local Rules 16.02 through 16.05. If the parties do not propose a detailed plan for resolution of the case in their proposed initial case management order, the Court will establish case resolution plan requirements. Approximately fourteen (14) days after the conclusion of fact discovery, the parties shall submit a joint report confirming that the parties made a good faith attempt to resolve the case. The joint report shall also state whether the parties believe ADR might assist in resolution of the case. If a judicial settlement conference is requested in either joint report or separately, the parties shall also state (i) the reasons why mediation is not feasible; (ii) their proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference.

G: DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before June 27, 2025. Written discovery should proceed promptly (unless otherwise provided for herein) and shall be served by no later than May 23, 2025. Discovery is not stayed during dispositive or other motions, unless ordered by the Court.

A party may not bring a discovery dispute to the Court for resolution before lead counsel for that party has held a telephonic or in-person discussion with lead counsel for every one of the

parties adverse to it with respect to the dispute (which, in the case of multiple adverse parties, may occur separately with different adverse parties) and has made a good-faith effort to resolve the dispute. Discovery disputes that cannot be resolved after the required discussions(s) should be brought promptly to the attention of the Magistrate Judge via a request for a discovery conference. It will be within the Magistrate Judge's discretion whether to allow for the filing of discovery-related motions. All discovery motions shall be filed by no later than January 6, 2025. In connection with any discovery conference or discovery motion, the applicable parties shall file a joint discovery dispute statement, which describes the specific discovery request(s) in dispute and details each party's position with supporting fact and legal authorities. The joint discovery dispute statement shall certify that lead counsel for every applicable party held the aforementioned telephonic or in-person discussion(s) and made a good faith effort to resolve each discovery dispute presented in the statement. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01(a)(2) or (a)(3), but must clearly state in the filing (made in accordance with any timing requirements set forth in Local Rule 7.01(a)(3)) that the joint statement is adopted as the party's memorandum of law or response, as the case may be.

    H:    MOTIONS TO AMEND OR ADD PARTIES: Any motions to amend or to add parties shall be filed by no later than February 7, 2025 and must comply with Local Rules 7.01 and 15.01.

    I:    DISCLOSURE AND DEPOSITIONS OF EXPERTS: The plaintiffs shall identify and disclose all expert witnesses and expert reports on or before May 23, 2025. The defendants shall identify and disclose all expert witnesses and reports on or before June 27, 2025. Rebuttal experts shall be permitted only by leave of court. Unless otherwise provided for in a separate

pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. *See* Local Rule 39.01(c)(5)(C). Expert depositions shall be completed by January 31, 2026.

J: SUBSEQUENT CASE MANAGEMENT CONFERENCE: Counsel may request a case management conference with the Magistrate Judge by filing a motion stating the topics to be discussed and proposing mutually convenient dates and times for the conference.

K: DISPOSITIVE MOTIONS: As provided above, the parties must attempt to resolve the case prior to the filing of dispositive motions. Dispositive motions shall be filed by no later than July 18, 2025. Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Brief or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court.

L: ELECTRONIC DISCOVERY: Administrative Order No. 174-1 applies to this case, but the parties may agree on how to conduct electronic discovery and the applicability Administrative Order No. 174-1. Any agreement between the parties to address the topics provided by Administrative Order No. 174-1 must be reduced to writing, signed by counsel, and either filed as a stipulation of agreed-upon electronic discovery procedures, or, if the parties request court approval, submitted as a proposed agreed order with an accompanying motion for approval. In the absence of an agreement, the default standards of Administrative Order No. 174-1 will apply.

M: MODIFICATION OF CASE MANAGEMENT ORDER: Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally scheduled deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ.P. 16(b)(4).

N: ESTIMATED TRIAL TIME AND TARGET TRIAL DATE: The bench trial of this action is expected to last approximately 5 days. The target trial date is January 20, 2026.

It is so **ORDERED.**

*[signature]*
ALISTAIR NEWBERN
United States Magistrate Judge