IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
Nashville Division

| | |
|---|---|
| Phillip Lawson, *et al.*, | ) |
| *Plaintiffs*, | ) ) ) Case No. 3:24-cv-00538 |
| v. | ) ) Judge Eli Richardson |
| Tre Hargett, in his official capacity as Tennessee Secretary of State, *et al.* | ) Magistrate Judge Alistair Newbern ) ) |
| *Defendants*. | ) |

**PLAINTIFFS' RESPONSE TO STATEMENT OF SUPPLEMENTAL AUTHORITY AND ORDER OF JULY 23, 2024**

**[MOTION FOR PRELIMINARY INJUNCTION
RE: AUGUST 1, 2024 PRIMARY ELECTION PENDING (Doc. 43)]**

**I.   Nature of the Case**

This is an action under 42 U.S.C. § 1983 alleging that Tennessee Code Annotated § 2-7-115—which makes voting a crime unless a voter is a "bona fide member of and affiliated with" the relevant political party or "declares allegiance" to it—is void for vagueness under the Due Process Clause of the Fourteenth Amendment and overbroad under the First Amendment. Complaint (Doc. 1). It is brought by four individual Tennesseans fearing prosecution under section 115, several of whom have altered their voting behavior in response and at least one of whom has received an express threat from his local District Attorney. *Id.* at ¶¶ 15-19. In addition, the statewide League of Women Voters of Tennessee has joined as a Plaintiff to protect its own interests and those of its members. *Id.* at ¶¶ 20-27; *see also* Declaration of Debby Gould (Doc. 44-

5); Supplemental Declaration of Debby Gould (Doc. 63-1) (addressing a Williamson County party's investigation of individuals' voting records and threatening mailers to purportedly disloyal voters). The defendants include state officials charged with implementing and enforcing the challenged law and local District Attorneys who prosecute violations. A motion for preliminary injunction was filed on May 23, 2024, fully briefed as of June 17, 2024, and remains pending; the issues it raises directly impact the primary election that is scheduled for August 1, 2024.

The Court has requested supplemental briefing on the Sixth Circuit's decision in *Friends of George's, Inc. v. Mulroy* ("*FOG*"), 2024 WL 3451870, No. 23-5611 (6th Cir. July 18, 2024). As discussed below, the *FOG* decision addresses a distinct legal and factual situation, not implicating constitutional rights, and does not control here. Plaintiffs have adequately pleaded standing for a pre-enforcement constitutional challenge and are entitled to the requested preliminary injunction restraining enforcement of section 115.

**II.     Issue Presented**

Have Plaintiffs adequately alleged standing in their complaint to avoid dismissal at the pleading stage?

**III.    The *FOG* Decision**

The *FOG* litigation involved a challenge to Tennessee's new Adult Entertainment Act (AEA), Tenn. Code Ann. § 7-51-1407(c). The AEA prohibits performance of "adult cabaret entertainment" on a public property or in any private location where it might be seen by a minor. *Id*. The AEA carries its own definition of restricted "adult cabaret entertainment," which further incorporates the definition of "harmful to minors" from Tennessee's criminal obscenity statute, Tenn. Code Ann. § 39-17-901(6). That "harmful to minors" standard includes a lack of artistic, literary, scientific, or political value for minors. *Id*. A first violation of the AEA was made a

misdemeanor; the second, a Class E felony. Tenn. Code Ann. § 7-51-1407(c)(3). In other words, § 7-51-1407 prohibits exposing minors to "adult cabaret entertainment," which is defined in § 7-51-1401(3), and further incorporates the "harmful to minors" definition of § 39-17-901. It is this chain of interlocking statutory definitions that the court applied in *FOG*.

Friends of George's, Inc., is a non-profit theatre group in Memphis, which presents risqué shows on a regular basis, including drag performances, as a benefit for LGBTQ rights organizations. FOG filed suit under section 1983 in March 2023, seeking to enjoin the Shelby County District Attorney from enforcing the AEA's new restrictions against the FOG shows. District Judge Parker issued a TRO and combined a preliminary injunction hearing with a bench trial on the merits. Following that trial, he issued a permanent injunction, finding that the AEA was unconstitutionally vague and violated the First and Fourteenth Amendments. *Friends of George's, Inc., v. Mulroy*, 675 F. Supp. 3d 831 (W.D. Tenn. 2023).

On appeal, the Sixth Circuit reversed in a 2-1 decision, finding that FOG had failed to prove the injury-in-fact required for standing at trial. Acknowledging that actual enforcement was not required to establish standing to challenge a statute, the court looked in the pre-enforcement challenge context to (1) an intention to engage in conduct affected with a constitutional interest; (2) which was arguably proscribed by the challenged statute; and (3) which caused a reasonable fear of enforcement. *FOG*, slip op. at 4-5 (citing *Susan B. Anthony List v. Driehaus*, 573 U.S. 149 (2014), and *Crawford v. U.S. Dep't of the Treasury*, 868 F.3d 438 (6th Cir. 2017)). The panel addressed each of these sub-elements separately, considering the so-called *McKay* factors on the reasonable fear of enforcement prong. *See McKay v. Federspiel*, 823 F.3d 862 (6th Cir. 2016). It is this elaborate, nesting-doll scheme of elements, sub-elements, and multiple sub-factors—a

scheme that is totally absent in the instant litigation—that determined the outcome under the unique circumstances of the *FOG* challenge to the AEA.

*First*, the *FOG* panel found that the Western District erred in failing to apply a limiting judicial construction adopted by the Tennessee Supreme Court in *Davis-Kidd Booksellers, Inc. v. McWherter*, 866 S.W.2d 520 (Tenn. 1993), which interpreted the "harmful to minors" standard of the criminal obscenity display statute to apply to a *reasonable 17-year-old*, not to a younger minor. *Id*. at 528. Importing this state law gloss on "harmful to minors" to the statutory chain of definitions under the AEA, the Sixth Circuit concluded that FOG's self-described "PG-13" satirical drag shows did not put it at risk of enforcement for presenting adult cabaret entertainment "harmful to minors" under the *Davis-Kidd* standard (that is, such shows would not lack serious literary, artistic, political, or scientific value to a reasonable 17-year-old). Because FOG alleged and presented proof that its drag shows did have serious literary, political, or artistic value as satire, it had not shown a likelihood of violating the AEA. *Slip op*. at 7. Thus, it failed to prove the intention prong under *Susan B. Anthony List*. *Id.*

*Second*, the Court of Appeals explained, had FOG intended to violate the AEA by presenting adult cabaret entertainment that *was* harmful to minors, it would enjoy no First Amendment protection in doing so, as states can lawfully protect minors from indecent speech that would be protected for adults. Absent a constitutional interest in its proposed conduct, FOG would likewise lack standing to mount a pre-enforcement challenge to the law prohibiting that behavior. *Id*. at 7-8. FOG's trial evidence in the form of videos of three skits was found insufficient when harmfulness to minors must be determined from the "value of its shows as a whole." *Id*. at 8. In other words, the evidence presented by FOG at the Western District bench trial was insufficient to show that it was at risk of prosecution under the AEA when its shows did *not* lack serious literary

or artistic value for a reasonable 17-year-old, or were not protected under the First Amendment if they *did* lack any such value. *Id*.

*Third*, having resolved the pre-enforcement standing issue on the basis of FOG's intention and the AEA's proscription, the majority proceeded to address in *dicta* whether there was a likelihood of prosecution under the AEA (the third *Susan B. Anthony List* factor for injury in fact in the pre-enforcement context). Acknowledging that a plaintiff need not risk prosecution to establish standing, the court applied the so-called *McKay* factors to determine if that threshold had been reached. These are (1) a history of prior enforcement; (2) warning letters to the plaintiff; (3) a recent change making the challenged law easier or more likely to be enforced; and (4) any specific disavowal of an intention to prosecute. *Online Merchants Guild v. Cameron*, 995 F.3d 540, 549-52 (6th Cir. 2021); *McKay v. Federspiel*, 832 F.3d 862, 868-69 (6th Cir. 2016). The *FOG* court found that none of the four *McKay* factors were established in light of the facts of that case. *FOG*, slip op. at 11-13.

## IV. *FOG v. Mulroy* Does Not Control, as Plaintiffs Have Adequately Alleged Standing

The first distinction between *FOG* and this case is its procedural posture. *FOG* was dismissed on appeal following a full bench trial on the merits. *Friends of George's, Inc., v. Mulroy*, 675 F. Supp. 3d 831 (W.D. Tenn. 2023); *FOG*, slip op. at 17 (Mathis, J., dissenting). Under those circumstances, the plaintiff bears the burden of proving Article III standing by a preponderance of the evidence. *McKay*, 832 F.3d at 867. For the multiple reasons laid out in *FOG*, including the *Davis-Kidd* limiting gloss on "harmful to minors," the nature of the drag shows in question, the lack of constitutional protection for obscenity, and the *McKay* factors, FOG failed to meet its burden of proof at trial. Here, in contrast, the Court is presented with a motion to dismiss at the earliest stage of the case. All that is required is that the complaint plausibly allege injury in fact,

5

Case 3:24-cv-00538   Document 68   Filed 07/26/24   Page 5 of 13 PageID #: 727

traceability, and redressability. *Universal Life Church*, 35 F.4th at 1031 ("We take as true the well-pleaded allegations in the complaint and ask whether plaintiffs plausibly alleged their standing to sue."). As the Sixth Circuit has acknowledged, this is not a high barrier at this early stage of litigation. *See Block v. Canepa*, 74 F.4th 400, 410 (6th Cir. 2023); *Parsons v. U.S. Dep't of Justice*, 801 F.3d 701, 710 (6th Cir. 2015); *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1047 (6th Cir. 2015). FOG had its day in court and fell short; Plaintiffs here have not yet had that opportunity. What they have done, however, is plausibly allege facts that, when proven, will more than satisfy the requirements of Article III. Complaint (Doc. 1).[1]

Nor does the *FOG* panel's carefully tailored rationale fit this case. In *FOG*, the Western District failed to apply a state law gloss that narrowed the challenged law considerably, resulting in a lack of intention and a lack of proscription under the *Susan B. Anthony List* test. Here, there is no such saving construction to apply, only the unconstitutionally vague "bona fide member," "affiliated with," and "declare allegiance" language of the statutes themselves. Likewise, much of the conduct likely to trigger enforcement in *FOG* would either plainly be protected or plainly *not* be (*i.e.*, indecent performances before minors). Here, Plaintiffs allege that there is *no* constitutional way to enforce Section 115 due to its overbreadth and vagueness, as it is all but impossible for voters to determine whether they can lawfully vote in the primary election of their choice.

As Justice Thomas explained in *Susan B. Anthony List*, the injury-in-fact element of standing for a pre-enforcement challenge requires (1) an intention to engage in conduct arguably affected with a constitutional interest; (2) which is arguably proscribed by the challenged law; and (3) the fear of prosecution under that law is not "chimerical." 573 U.S. at 159 (citing *Babbitt v.*

---

[1] In addition, the FOG decision remains within the time to move for panel reconsideration, for rehearing en banc, or for writ of certiorari. Fed. R. App. P. R. 35, 40; Sup. Ct. R. 13. In fact, counsel for FOG has announced that it will seek further review. Tennessee Bar Association, Tennessee Law Blog, *Theater Group Plans to Appeal Federal Drag Show Ruling* (July 24, 2024), https://www.tba.org/?pg=LawBlog.

*Farm Workers*, 442 U.S. 289, 298 (1979)). As noted, all that is required at this stage are allegations addressing each of these issues. *Universal Life Church*, 35 F.4th at 1031. Here, the individual plaintiffs have alleged that they have engaged in protected speech and conduct, including voting in the primary of their choice. Complaint ¶¶ 1-27, 76, 117-19 (Doc. 1). These are acts arguably affected with a Constitutional interest under the First and Fourteenth Amendments. U.S. Const. Amend. I, XIV. They have alleged that the "bona fide member," "affiliated with," and "declare allegiance" terms of section 115 are so vague that a person of reasonable intelligence cannot tell if she is in compliance or in violation. *Id*. As a result, they have *already* altered their voting behavior, foregone voting in the primary of their choice, or foregone voting at all, or been threatened for doing so. *Id*. Nor are these idiosyncratic or "chimerical" concerns, as they appear to be widespread and are being exploited by those looking to limit turnout. Gould Dec. ¶¶ 10-30 (Doc. 44-5); Gould Supp. Dec. ¶¶ 3-9 (Doc. 63-1). This is sufficient to satisfy the intention element for pre-enforcement review. *Susan B. Anthony List*, 573 U.S. at 164-67; *Universal Life Church*, 35 F.4th at 1034-35.

As noted in the Complaint, the "bona fide member" and "declare allegiance" requirements of section 115 are insufficient to give an average person fair warning of what conduct constitutes a crime. Ambassador Ashe is a lifelong Republican who has criticized Republican officeholders in his editorials. Mr. Lawson is a community activist who has supported both parties. Mr. Hart expresses political views in the Tennessee Holler that are critical of one or both parties—and is expressly warned by his local DA over his primary voting. Mr. Palmer planted a Democratic candidate's sign in his yard years ago and now fears that his neighbor will accuse him of violating section 115 if he votes in a Republican primary, resulting in humiliation and embarrassment to his public position on the local industrial development board and potential prosecution. These

7

plaintiffs reasonably fear that voting in a primary will expose them to criminal prosecution—and certainly nothing in the vague language of section 115 assuages that fear. The second element for pre-enforcement injury is satisfied.

Finally, the fear of prosecution must be reasonable and not "chimerical." Here, the defendant state officials have expressed interest in prosecuting under section 115; the General Assembly has amended the statute to make it easier to do so; the Wilson County DA provided information to his local party on the procedures to do so; and the Madison County DA told Mr. Hart that he is "taking heat" to prosecute Hart for voting in the "wrong" primary. Meanwhile, a Williamson County party has investigated individuals' voting records and sent threatening mailers to purportedly disloyal voters. Gould Supp. Dec. ¶¶ 3-9 (Doc. 63-1). There was nothing approaching this level of prosecutorial interest in the FOG case. As in *Susan B. Anthony List*, the threat of future prosecution here—and the chilling effect preceding prosecution—is substantial. 573 U.S. at 164. Nothing further is required to plead injury-in-fact under Article III. *See, e.g.*, *Kareem v. Cuyahoga Cnty. Bd. of Elections*, 95 F.4th 1019 (6th Cir. 2024); *Green Party of Tenn. v. Hargett*, 791 F.3d 684 (6th Cir. 2015); *Platt v. Bd. of Commissioners on Grievances*, 769 F.3d 447 (6th Cir. 2014).

In this regard, *Kareem* is more analogous to this case than *FOG*. In *Kareem*, the court held that there was a credible threat of enforcement and fear of prosecution where (1) the state defendants had refused to disavow enforcement; (2) state officials had cautioned voters via social media of the illegality of the challenged conduct; and (3) the Secretary of State had communicated to election officials that the challenged conduct was "punishable by a misdemeanor or a felony." 95 F.4th at 1023. This case has similar and even more directly threatening conduct – indeed, voters are reminded that violating Section 115 is a crime at each and every polling place by virtue of the

8

Case 3:24-cv-00538    Document 68    Filed 07/26/24    Page 8 of 13 PageID #: 730

signs required by Section 115(c). The *Kareem* court further noted that the potential penalties in that case were criminal, as they are with Section 115, while in *McKay* the challenged prohibition was a "flexible administrative order." *Id.* at 1025. The "lack of discipline" in past enforcement of the law implicated in *Kareem* in fact suggested to the court that "speech has already been chilled." *Id.* at 1026. For all of these reasons, *Kareem* is more instructive than *FOG* and the threat and fear of enforcement here is substantial.

The *McKay* factors have been addressed in detail in Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss (Doc. 58, PageID #574-76). As explained there, those factors apply when there is only a "subjective chill" from potential prosecution. Here, the record reflects much more. *See, e.g.*, *Kareem*, 95 F.4th at 1023. Mr. Hart has been expressly threatened by the local prosecutor; others have already altered their voting behavior in the March 2024 primary and will face the same dilemma in next week's August 1, 2024, primary. This is hardly a subjective chill; it is a present harm and a substantial future threat to constitutionally protected behavior based on objective facts set out in detail in the complaint. Complaint ¶¶ 15-27 (Doc. 1).

Finally, even if the *McKay* factors—which are neither mandatory nor exclusive, *Online Merchants Guild*, 995 F.3d at 550 ("These *McKay* factors are not exhaustive, nor must each be established")—applied here, they have been met. While there is no history of prior enforcement, there is the 2023 amendment which will presumably make it easier to establish the *mens rea* element of the corresponding criminal offenses set out at Tennessee Code Annotated § 2-7-102 ("knowingly" misdemeanor) and § 2-7-107 ("intentionally and knowing" felony). And if a formal warning letter has not yet been sent, the very same message was delivered verbally to Mr. Hart by his local DA. Easier enforcement is shown both by the warning sign-posting requirement added by the 2023 amendment and the power of citizen arrest and citizen appearances before a grand

jury under Tennessee law. Tenn. Code Ann. §§ 40-7-109; 40-12-104. Nor have any of the defendants ever disavowed an intent to prosecute any plaintiff, whether in the months that this and the predecessor suit were pending, nor or in any other forum. While they have never uttered a word in defense of section 115, they have steadfastly refused to disavow their intention to enforce it. Just as the State itself had standing due to its reasonable fear of enforcement in *State of Tennessee v. U.S. Dep't of Education*, No. 22-5807, 2024 WL 2984295 (6th Cir. June 14, 2024), the Plaintiffs' reasonable fear here establishes their injury in fact under *Susan B. Anthony List*, *Online Merchants Guild*, and *Universal Life Church*. The fact-bound decision in *FOG* does not affect that conclusion.

## V. Conclusion

The State has stressed that "standing is not dispensed in gross." True enough; but neither is it rationed with an eyedropper, particularly when the fundamental rights of Tennessee and American citizens are at stake. Because *FOG v. Mulroy* addressed a substantially different set of circumstances, because Plaintiffs have alleged a reasonable fear of prosecution under section 115 for exercise of their protected rights of speech and association and to petition and vote, and because the challenge here is a facial one raised at the pleadings stage, Defendant's motion to dismiss (Doc. 49) should be denied and Plaintiff's May 23, 2024, Motion for Preliminary Injunction (Doc. 43) should be granted before the August 1, 2024, primary.

Respectfully submitted,

*/s/ R. Culver Schmid*
R. Culver Schmid, BPR No. 011128
**Baker, Donelson, Bearman, Caldwell & Berkowitz, PC**
265 Brookview Centre Way, Suite 600
Knoxville, TN 37919
Tel.: (865) 971-5103
cschmid@bakerdonelson.com

Gary C. Shockley, BPR No. 010104
**Baker, Donelson, Bearman, Caldwell & Berkowitz, PC**
1600 West End Avenue, Suite 2000
Nashville, TN 37203
Tel.: (615) 726-5600
gshockley@bakerdonelson.com

Eric G. Osborne, BPR No. 029719
Christopher C. Sabis, BPR No. 030032
William L. Harbison, BPR No. 007012
Micah N. Bradley, BPR No. 038402
Frances W. Perkins, BPR No. 040534
Brettson J. Bauer, BPR No. 039289
**Sherrard Roe Voigt & Harbison, PLC**
1600 West End Avenue, Suite 1750
Nashville, TN 37203
eosborne@srvhlaw.com
csabis@srvhlaw.com
bharbison@srvhlaw.com
mbradley@srvhlaw.com
fperkins@srvhlaw.com

*Counsel for Plaintiffs Victor Ashe, Phillip Lawson, Gabe Hart & James R. Palmer*

John E. Haubenreich, BPR No. 029202
**The Protect Democracy Project**
2020 Pennsylvania Avenue NW, #163
Washington, DC 20006
Tel.: (202) 579-4582
john.haubenreich@protectdemocracy.org

11
Case 3:24-cv-00538    Document 68    Filed 07/26/24    Page 11 of 13 PageID #: 733

Orion Danjuma (*pro hac vice*)
**The Protect Democracy Project**
82 Nassau St. #601
New York, NY 10038
Tel.: (202) 579-4582
orion.danjuma@protectdemocracy.org

Collin P. Wedel (*pro hac vice*)
Arsham Ali Askari (*pro hac vice*)
Christine Karaoglanian (*pro hac vice*)
**Sidley Austin LLP**
350 South Grand Avenue
Los Angeles, CA 90071
Tel.: (213) 896-6000
cwedel@sidley.com
aaliaskari@sidley.com
ckaraoglanian@sidley.com

Rebecca B. Shafer (*pro hac vice*)
**Sidley Austin LLP**
One South Dearborn
Chicago, IL 60603
Tel.: (312) 853-7000
rshafer@sidley.com

Jillian Sheridan Stonecipher *(pro hac vice)*
**Sidley Austin LLP**
1501 K Street NW
Washington, D.C. 20005
Tel.: (202) 736-8000
jstonecipher@sidley.com

*Counsel for Plaintiff League of Women Voters of Tennessee*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 26, 2024, a true and exact copy of the foregoing Response to Statement of Supplemental Authority was served via the Court's CM/ECF system and email upon the following:

Zachary L. Barker
Assistant Attorney General
Public Interest Division
P.O. Box 20207
Nashville, Tennessee 37202
Zachary.Barker@ag.tn.gov

Dawn Jordan
Special Counsel
Office of Tennessee Attorney General
P.O. Box 20207
Nashville, Tennessee 37202
Dawn.Jordan@ag.tn.gov

                                                */s/ Eric G. Osborne*
                                                Eric G. Osborne